Defendant, Rafael Deitz, has appealed from a judgment from the Lorain County Court of Common Pleas that denied his motion to withdraw a plea of guilty. This Court affirms.
 I.
On February 11, 1997, Defendant pleaded guilty to eleven drug-related offenses. He was sentenced by the trial court to a prison term of twenty-two years to life. Although Defendant did not file a direct appeal, he moved the trial court to withdraw his guilty plea and, in the alternative, petitioned the trial court for post-conviction relief. His motion was denied. Defendant appealed the trial court's decision, and this Court affirmed inState v. Deitz (June 2, 1999), Lorain App. No. 98CA007228, unreported, discretionary appeal not allowed (1999), 87 Ohio St.3d 1406. On August 30, 1999, Defendant again moved the trial court to withdraw his guilty plea, which the trial court denied. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred in denying [Defendant's] motion to vacate his guilty plea.
 In his sole assignment of error, Defendant has argued, that, at the time he entered a plea of guilty, the trial court did not advise him of his rights pursuant to R.C. 2943.031. Essentially, Defendant has asserted that the trial court did not warn him that he could be deported if he changed his plea to guilty; therefore, the trial court violated his constitutional rights. This Court disagrees.
Although Defendant styled his motion as governed by Crim. R. 32.1, his motion was, in essence, a petition for postconviction relief. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. As a result, his petition is governed by the requisite time period under R.C. 2953.21, which sets forth the following requirements:
 A petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 R.C. 2953.21(A)(2). Defendant was convicted and sentenced during 1997 and filed his petition over two years later on, August 30, 1999, outside the time period. As a result, his petition was not timely.
Furthermore, Defendant had previously filed a motion for postconviction relief prior to his August 30, 1999 motion. SeeDeitz, Supra. This Court has previously applied Reynolds in holding that a subsequent motion to withdraw a guilty plea on a claimed violation of a Defendant's constitutional rights must be construed as a successive petition for postconviction relief.State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4, citing State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. R.C. 2953.23 governs second or successive petitions for postconviction relief. Under that statute, a trial court is forbidden to entertain a second or successive petition for postconviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A).
In his brief, Defendant has asserted that the fact that he could be deported was not discoverable until now. Attached to his brief in support of his argument was a notice of removal from the Immigration and Naturalization Service dated April 2, 1997. Based on that document, Defendant was, at the very latest, aware of the fact that he could be deported, when he filed his first petition for post-conviction relief in 1998.[1] Therefore, Defendant's argument is not well taken.
A review of Defendant's second petition reveals that he did not meet either of the criteria of R.C. 2953.23(A). Defendant (1) neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his second petition, nor showed that any rulings by the United States Supreme Court subsequent to his first petition recognized a new federal or state right that applied to him; and (2) failed to show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Because Defendant's second petition failed to meet the criteria under R.C. 2953.23(A), the trial court correctly denied his motion to vacate his guilty plea. Accordingly, his sole assignment of error is overruled.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE FOR THE COURT
SLABY, P.J. and CARR, J. CONCUR
[1] Furthermore, the adjudication of his prior appeal bars him from relitigating any issues arising from the same transaction or occurrence. See State v. Cool (Mar. 22, 2000), Summit App. No. 19685, unreported, at 6.